**FILED - GR**
August 3, 2016 9:35 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __kw__  Scanned: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

EL-AMIN MUHAMMAD, et al., IN PRO'PER              CASE NO. 1:16-cv-276

    PLAINTIFF-PETITIONER,                                  HON. ROBERT HOLMES BELL

VS.

DET. KYLE A. NEHER, DET. MICHAEL KASHER TRANSPORT
OFFICERS FOR NORTON SHORES POLICE DEPT. OFFICER
JOHN DOE, ALTERNATE TRANSPORT OFFICER FOR THE
NORTON SHORES POLICER DEPT., NORTON SHORES POLICER
DEPT., (MSP) OFFICER JOHN DOE REPORTING OFFICER,
DEP.UNKOWN, HARRISON[sic HAIRSTON] BOOKING
OFFICER FOR THE MUSKEGON COUNTY JAIL (MCJ), ELAINE
UNKOWN RN. FOR (MCJ), DOCTOR JOHN DOE FOR (MCJ).,

    DEFENDANTS,
_____/

**BRIEF IN SUPPORT OF MOTION OF PLAINTIFF PETITIONER**

**MOTION TO STRIKE DEFENDANTS ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE / FRUAD / MOTION TO ENTER DEFAULT JUDGMENT / MOTION TO DENY REQUEST FOR OPPORTUNITY FOR ADVERSARY SUBMISSIONS UNDER FED. R. CIV. P. RULE 12(F)(2), RULE. 9(b), RULE. 54(c)(d) RULE. 55(b)(2), RULE. 23(h), RULE. 43(c) OR 78.**

## TABLE OF CONTENTS

INDEX OF AUTHORITYIES..................................................................ii

CONTROLLING AUTHORITIES................................................................iii

ARGUMENT...............................................................................1

I.    DEFENDANTS DET. KYLE A. NEHER, DET. MICHAEL KASHER TRANSPORT OFFICERS AND NORTON SHORES POLICE DEPT. COUNSEL LACKS LEGAL AUTHORITY TO ACT AS COUNSEL OR ATTORNEYS WHERE THESE ATTORNEYS MICHAEL S. BOGREN (P34835) AND ROBERT A. CALLAHAN(P47600) FOR PLUNKETT AND COONEY , ARE NOT WITH LICENSE TO PRACTICE LAW IN THE STATE OF MICHIGAN OR ENGAGE IN THE LAW BUSINESS RENDERING ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE FRAUD ON THIS HONORABLE COURT AS A RESULT ORDER FOR DEFAULT JUDGMENT SHOULD BE ENTERED AND DENIAL OF ANY REQUEST FOR OPPORTUNITY FOR ADVERSARY SUBMISSIONS...................................1

CONCLUSION AND RELIEF..................................................................5

CERTIFICATE OF SERVICE.................................................................6

## INDEX OF AUTHORITIES

**CASES**

PEOPLE ex rel. HUGHES v. MAY, 3 MICH. 598 (1855)..........................................4

OP ATTY. GEN. 194748, no. 803 P. 740......................................................4

LANSING v. THE STATE BAR OF MICHIGAN, 361 MICH. 185 (1960)................................2

STEWART v. KHAN, 11 WALL, 78 U.S. 493, 504................................................2

WHITEG v. WYMAN, 11 OTTO, 101 U.S. .......................................................3

SCHWARE v. BOARD OF EXAMINERS, 353 U.S. 234; 77 S.CT. 752 (1957)...........................4

## CONTROLLING AUTHORITIES

MCL. 600.916..................................................................1,2

MSA. 27a.916, MOTION PG........................................................2

MCL. 600.901....................................................................1

MICHIGAN CONSTITUTION OF 1963. ARTICLE 6 sec. 19...............................3

SEPARATION OF POWER CLAUSE OF THE MICHIGAN CONSTITUTION OF 1963. ARTICLE 3 sec. 2..........................................4

THE MICHIGAN CONSTITUTION OF 1963 ARTICLE 4 sec. 1.............................4

THE MICHIGAN CONSTITUTION OF 1963 ARTICLE 4 sec. 4.............................4

UNITED STATES CONSTITUTION OF 1781.............................................4

MCL. 600.934; 600.940..........................................................4

## ARGUMENT I

DEFENDANTS KYLE A. NEHER, MICHAEL KASHER TRANSPORT OFFICERS AND NORTON SHORES POLICER DEPT. COUNSEL LACKS LEGAL AUTHORITY TO ACT AS COUSEL OR ATTORNEYS WHERE THESE ATTORNEYS MICHAEL S. BOGREN (P34835) AND ATTORNEY ROBERT A. CALLAHAN (P47600) FOR PLUNKETT AND COONEY, ARE NOT WITH LICENSE TO PRACTICE LAW IN THE STATE OF MICHIGAN OR ENGAGE IN THE LAW BUSINESS RENDERING THE ANSWER FRAUD ON THIS HONORABLE COURT AS A RESULT ORDER FOR DEFAULT JUDGMENT SHOULD BE ENTERED AND DENIAL OF ANY REQUEST TO FOR OPPORTUNITY FOR ADVERSARY SUBMISSIONS.

PLAINTIFF SUBMITS THAT IT HAS BEEN ALLEGED BY SOME ATTORNEYS THAT THEY ARE LICENSED TO ENGAGE IN THE LEGAL PROFESSION TO PRACTICE LAW IN THE STATE OF MICHIGAN BY THE STATE BAR OF MICHIGAN PURSUANT TO MCL. 600.901. THIS STATUTE WAS ENACTED ON JANUARY 1, 1963; ONE YEAR BEFORE THE 1963 CONSTITUTION TOOK EFFECT ON JANUARY 1, 1964.

MCL. 600.901 STATES:

STATES BAR, MEMBERSHIP; PUBLIC BODY CORPORATE. SEC. 901. THE STATE BAR OF MICHIGAN IS A PUBLIC BODY CORPORATE , THE MEMBERSHIP OF WHICH CONSIST OF ALL PERSONS WHO ARE NEW AND HEREAFTER LICENSED FOR PRACTICE IN THIS STATE. THE MEMBERS OF THE STATE BAR OF MICHIGAN ARE OFFICERS OF THE COURT OF THIS STATE, AND HAVE THE EXECUTIVE RIGHT TO DESIGNATE THEMSELVES AS "ATTORNEYS AND COUNSELORS" OR " ATTORNEYS OF THE LAW" OR LAWYERS.
NO PERSON IS AUTHORIZED TO PRACTICE LAW UNLESS HE COMPLIES WITH THE REQUIREMENTS OF THE SUPREME COURT WITH REGARDS THERETO.

MCL. 600.916 STATES: <u>UNLAWFUL PRACTICE OF LAW; SEC.916:</u>

IT IS UNLAWFUL FOR ANY PERSON TO PRACTICE LAW, OR IN ANY MANNER WHATSOEVER LEAD OTHERS TO BELIEVE THAT HE/SHE IS AUTHORIZED TO PRACTICE LAW OR TO ENGAGE IN THE LAW BUSINESS, OR IN ANY MANNER WHATSOEVER TO REPRESENT OR DESIGNATE HIMSELF AS AN ATTORNEY AND COUNSELOR, ATTORNEY AT LAW, OR LAWYER, UNLESS THE PERSON SO DOING <u>IS REGULARLY LICENSED</u> AND <u>AUTHORIZED TO PRACTICE LAW IN THIS STATE.</u> [EMPHASIS ADDED].

THIS SECTION DOES NOT APPLY TO A PERSON WHO IS DULY LICENSED AND AUTHORIZED TO PRACTICE LAW IN THE STATE WHILE TEMPORARILY IN THIS STATE AND ENGAGED IN A PARTICULAR MATTER.

THE STATE BAR OF MICHIGAN IS SIMPLY AN ASSOCIATION THAT MAKES IT MANDATORY ACCORDING TO THE RULES AND REGULATIONS OF THE SUPREME COURT OF MICHIGAN, INVESTED BY THE POWERS OF THE LEGISLATURE OF MICHIGAN] FOR ALL THOSE ENTERING INTO THE STATE OF MICHIGAN TO BELONG, AND BECOME A MEMBER OF SAID CORPORATION IF THEY ARE TO ENGAGE IN THE LEGAL PROFESSION TO PRACTICE LAW IN MICHIGAN. WHERE UPON HAVING INVOLUNTARILY BECOMING A MEMBER OF SAID CORPORATION, THE ASSOCIATION ISSUES A CERTIFICATE WHICH CERTIFIES THAT THE HOLDER IS A DUES PAYING MEMBER IN GOOD STANDING WITH THE BAR ASSOCIATION, AND NO MORE. THE MICHIGAN BAR ASSOCIATION HAS NEITHER CONSTITUIONAL OR STATUTORY POWER TO ISSUE <u>LICENSES</u> TO "PRACTICE LAW" IN THE STATE OF MICHIGAN. THE MICHIGAN BAR ASSOCIATION IS NOT A BRANCH OF MICHIGAN GOVERNMENT, AND IT <u>DOES NOT</u> ISSUE LICENSES TO PRACTICE LAW IN THE STATE OF MICHIGAN.

THIS IS A FACT THAT THE BAR READILY ADMITS THROUGH ITS AGENTS MRS. BOZZO AND MR. DENNIS E. PATH, WHICH BOTH HAVE STATED:

**[L]ICENSES TO PRACTICE LAW ARE NOT MAINTAINED BY THE STATE BAR..."**

THE STATE BAR OF MICHIGAN POSSESS NO LICENSE TO PRACTICE LAW. THEREFORE THE PLAINTIFF ASSERTS THAT THE MICHIGAN SUPREME COURT CAN NOT STATUTORILY GRANT, ISSUE, OR CONTROL THE LICENSING OF THE PRACTICE OF LAW.

THIS LICENSE IS REQUIRED BY THE POEPLE OF THE STATE OF MICHIGAN THROUGH THEIR CONSTITUTION. ONLY THE LEGISLATURE HAS THE POWER, AND THEY HAVE NOT FULLFILLED THEIR DUTY AS TO THIS REQUIREMENT, WHICH IS THE POSITION OF THE MICHIGAN SUPREME COURT, see LANSING v. THE STATE BAR OF MICHIGAN, 361 MICH. 185 (1960).

IT IS AXIOMATIC IN LAW THAT IT IS THE INTENT OF THE LAWMAKERS WHICH IS THE ACTUAL LAW, AND NOT THE INTERPRETATION OF OTHERS. THE INTENTION OF THE LAWMAKERS CONSTITUTES THE LAW. STEWART v. KHAN, 11 WALL, 78 U.S. 493, 504. IN THE INSTANT, THE LAWMAKERS WERE AND ARE, THE PEOPLE OF THE STATE OF MICHIGAN. AS THE MEANING OF THE LAWMAKERS IS THE LAW, SO

THE MEANING OF THE CONTRACTING PARTIES IS THE AGREEMENT. SEE; WHITEG v. WYMAN, 11 OTTO, 101 U.S. IN THE INSTANT CASE, PLAINTIFF FINDS THE " LAW PROFESSION" HERE AS THE **LAW BREAKERS,** AND THUS PLACES IN PERIL OUR WHOLE GOVERNMENTAL STRUCTURE, ie, EXECUTIVE, LEGISLATURE, AND JUDICIAL BRANCHES.

MICHIGAN CONSTITUTION STIPULATES THAT ALL ATTORNEYS PRACTICING LAW IN THE STATE OF MICHIGAN MUST BE DULY, AND REGULARLY LICENSED TO PRACTICE IN THE STATE OF MICHIGAN. PLAINTIFF MOTION IS NOT MEANT TO CHALLENGE THESE LEGAL PROFESSIONALS QUALIFICATION FOR ADMISSION TO THE STATE BAR, THEIR MORAL CHARACTER, THEIR GENERAL EDUCATION, THEIR LEARNING IN THE FIELD OF LAW JURISPRUDENCE, OR WHETHER THEY GRADUATED FROM A REPUTABLE AND QUALIFIED LAW SCHOOL DULY INCORPORATED UNDER THE LAWS OF THE STATE OF MICHIGAN AND / OR ANOTHER STATE TERRITORY, OR THE DISTRICT OF COLUMBIA OF THE UNITED STATES OF AMERICA.

BUT RATHER THE PLAINTIFFS MOTION DOES CHALLENGE WHETHER OR NOT THAT MICHAEL S. BOGREN (P34835) AND ROBERT A. CALLAHAN (P47600) WERE IN FACT LICENSED TO PRACTICE LAW IN THE STATE OF MICHIGAN AS REQUIRED BY OUR 1963 CONSTSTUTION AS SET FORTH IN ARTICLE 6, sec. 19 AND STATE STATUTE PURSUANT TO MCL. 600.916.

THESE TWO LEGAL PROFESSIONAL HAVE NO CONSTITUTIONAL AUTHORITY TO ENGAGE IN THE "LEGAL BUSINESS" DUE TO THEY DID NOT, AND DO NOT POSSESS A STATE CONSTITUTIONALLY REQUIRED LICENSE UNDER THE MICHIGAN CONSTITUTION OF 1963.

PLAINTIFF ASSERTS THAT THE POEPLE OF THE STATE OF MICHIGAN EXECISES THEIR LICENSING POWER THROUGH THEIR ELECTED LEGISLATURE WHO IN TURN CREATE LEGISLATION DETERMINING THE QUALIFICATIONS, EXAMINATION BOARDS, TESTS, ETC., FOR THE LICENSING OF VARIOUS TRADES, PROFESSIONS, AND OCCUPATIONS, WHICH INCLUDE, BUT NOT LIMITED TO ; BUILDERS, ELECTRITIONS, BEAUTY OPERATORS, DOCTORS, CHIROPRACTORS, VETERNARIANS, ETC.

ACCORDING TO THE DEPARTMENT OF LICENSING AND REGULATIONS, AND BUREAU OF COMMERCIAL SERVICES, ATTORNEYS ARE NOT LICENSED BY THE STATE, BUT THAT THE STATE BAR HAS THE AUTHORITY TO ISSUE LICENSE TO PRACTICE THE LEGAL PROFESSION, ALTHOUGH IT IS NOT A STATE GOVERNMENT AGENCY. THE MICHIGAN STATE BAR ASSOCIATION IS NOT REGISTERED AS A CORPORATION

WITH THE MICHIGAN SECRETARY OF STATE, AND THUS, DOES NOT EXIST LEGALLY.

MICHAEL S. BOGREN (P34835) AND ROBERT A. CALLAHAN (P47600) ARE WITHOUT LICENSE TO PRACTPRACTICE LAW IN THE STATE OF MICHIGAN AS MANDATED BY MICHIGAN CONTITUTION OF 1963, ARTICLE 6 sec. 19; MCL. 600.916; PEOPLE ex rel. HUGHES v. MAY, 3 MICH. 598 (1855); OP. ATTY. GEN. 194748, NO. 803 P. 740.

SEE, MCL. 600.934; 600.940, NO JUDICIARY BODY , DOES NOT, NOR CAN ISSUE A LICENSE TO PRACTICE LAW WITHOUT VIOLATING THE SEPARATION OF POWER CLAUSE OF MICHIGAN CONSTITUTION, ART. 3 sec. 2 AND THE PRACTICE OF LAW CANNOT BE LICENSED BY ANY STATE. SCHWARE v. BOARD OF EXAMINERS, 353 U.S. 234; 77 S.CT. 752 (1957). SAID LICENSE CAN ONLY BE ISSUED BY A DULY CONSTITUTED STATE BOARD OF LAW EXAMINERS WITH THE DEPARTMENT OF LICENSING AND REGULATION, 1033 S. WASHINGTON AVENUE. / LANSING, MI 48910. ESTABLISHED BY THE LEGISLATURE AS AUTHORIZED BY THE MICH. CONST. OF 1963, ART. 4 sec.1, AS IT IS THE LEGISLATURE WHICH **MUST** GIVE FORCE TO THE LICENSING MANDATE OF ARTICLE 6 sec. 19; AND THE LEGISLATIVE RECORDS OF FEBRUARY 3, 1969 ON HOUSE BILL 2115-2116, WHEREIN SUCH "BOARD" WAS SOUGHT, BUT DENIED, FURTHER, SUBSTANTIATE THE FACT THAT THE REASON WHY THESE BILL WERE DENIED IS DUE TO THE ACTUAL BREACH OF THE SEPARATION OF POWER CLAUSE, IN MOST OF THOSE IN THE LEGISLATURE AND OTHER GOVERNMENT OFFICES ARE MEMBERS OF THE BAR, AND A JUDGE HAS TO BE AN ATTORNEY UNDER THE BAR BEFORE HE / SHE CAN BE A JUDGE. IN ACCORDANCE WITH THE BAR RULES, CREATING A RULING CLASS WHICH IS FORBIDDEN BY ARTICLE 4 sec. 4 OF THE ORGANIC UNITED STATES CONSTITUTION OF 1781. FURTHER PROOF OF SUCH VIOLATIONS OF THE SEPARATION OF POWER CLAUSE ARE FOUND IN THE CASE. PEOPLE v. PAPP, 194 N.W.2d. 693; 286 MICH. 672 (1972)., WHEREIN IT IS STATED THAT CONDUCT OF PROSECUTION ON BEHALF OF PEOPLE IS AN EXECUTIVE ACT.

MICHAEL S. BOGREN (P34835), AND ROBERT A. CALLAHAN (P47600) PROCEEDED WITH A PLEADING UNDER THE GUISE THAT THEY ARE LICENSED TO PRACTICE LAW IN THE STATE OF MICHIGAN, AS THAT LICENSED BY THE STATE BAR OF MICHIGAN; WHERE TO PRESUMPTION IS BY FRAUD. BOTH ATTORNEYS ARE WELL AWARE THAT THEY ARE NOT LICENSED TO PRACTICE LAW IN THE STATE OF MICHIGAN BY THE

FACTS SET FORTH IN THIS BRIEF AND MOTION. AND SHOULD BE THERE FOR BARRED FROM FILING ANY FURTHER PLEADINGS IN THIS CASE WHATSOEVER. THIS SHOULD CONSTITUTE A DELIBERATE FRAUD ON THIS COURT.

## "FRAUS ET DOLUS NEMINI PATROCINARI DEBENT"

THESE ASSUMPTIONS ARE DISPELLED AND BELIED BY THE FACT THAT MICHIGAN SUPREME COURT NOR THE STATE BAR OF MICHIGAN ARE STATE AGENCIES, AND THEY DO NOT HAVE LEGAL AUTHORITY TO ISSUE LICENSE TO PRACTICE LAW. NO ATTORNEY IN THE STATE OF MICHIGAN HAS THE LEGAL AUTHORITY TO ISSUE ANOTHER ATTORNEY A STATE LICENSE TO PRACTICE LAW OR TO ENGAGE IN THE LEGAL BUSINESS IN THE STATE OF MICHIGAN.

THE LEGISLATURE IS THE ONLY BRANCH OF GOVERNMENT WHICH HAS THE POWER TO CREATE A STATE STATUTE AUTHORIZING A STATE AGENCY TO ISSUE LICENSES TO ATTORNEYS, BUT AGAIN THE LEGISLATURE BRANCH OF GOVERNMENT HAS NOT CREATED SUCH A STATE LAW AS MANDATED BY ARTICLE 6 sec. 19.

**WHEREFORE,** PLAINTIFF EL-AMIN MUHAMMAD MOVE THE HONORABLE COURT TO GRANT MOTION ON THE FOLLOWING:

(a) STRIKE DEFENDANTS ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE, AS IT IS THE RESULT OF A FRAUD ON THE COURT AS THE ATTORNEYS ARE NOT LICENSED TO PRACTICE LAW IN THE STATE OF MICHIGAN.

(b) ORDER DEFAULT JUDGMENT TO BE ENTERED ON THE PLAINTIFFS BEHALF, AS THE FRAUD ON THE COURT CAN NOT CONSTITUTE AN ANSWER.

(c) BAR ANY REQUEST OR FURTHER PLEADINGS FROM EITHER ATTORNEY OR ANY OTHER MEMBER OF THE SAID FIRM THEY REPRESENT UNLESS THE CAN PRODUCE AN ACCOMPANYING AUTHENTIC LICENSE TO PRACTICE LAW IN THE STATE OF MICHIGAN / NOT A BAR CERTIFICATE / LICENSE TO PRACTICE THE LAW PROFESSION, AS THERE IS A DISTINCTIVE DIFFERENCE. IN ANY ADVERSARY SUBMISSIONS. UNDER AFOREMENTION RULES.

(d) GRANT PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS COMPLAINT PURSUANT TO RULE 56.(a)(b)

RESPECTFULLY SUBMITTED,

*[signature]*

EL-AMIN MUHAMMAD, et al., IN PRO'PER

DATE: Aug 1st 2016.

## CERTIFICATE OF SERVICE

EL-AMIN MUHAMMAD, et al., IN PRO'PER STATES THAT THE ABOVE MENTIONED MOTION FOR THE ACTION CITED, THAT I SERVED WITH A BRIEF IN SUPPORT ON LEGAL PROFESSIONALS MICHAEL S. BOGREN(P34835) AND ROBERT S. CALLAHAN(P47600) AND THIS CERTIFICATE OF SERVICE VIA EXPEDITED LEGAL MAIL/FIRST CLASS MAIL, POSTAGE PREPAID TO:

PLUNKETT AND COONEY
ATTORNEYS AND COUNSELORS AT LAW
950 TRADE CENTRE WAY, SUITE 310
KALAMAZOO, MI 49002.

El-Amin Muhammad #242898
E.C. Brooks Correctional Facility
2500 S. Sheridan Dr.
Muskegon Heights, MI 49444



United States District Court
For the Western District
of Michigan
399 Federal Bldg.
110 Michigan St, N.W.
Grand Rapids, MI 49503