UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL-AMIN MUHAMMAD #242898,

    Plaintiff,                                             Case No.  1:16-cv-276

v.                                                     HON. BELL/KENT

KYLE A. NEHER, JOHN DOE Detective/Driver
Transport, NORTON SHORES POLICE
DEPARTMENT, JOHN DOE Patrol officer
Internate transport, JOHN DOE Michigan State
Police reporting officer, MUSKEGON COUNTY
JAIL DEPUTY HARRISON, residential RN ELAIN
(last name unknown), DR. JOHN DOE jail doctor
Muskegon County Jail,

    Defendant.
_____

| | |
|---|---|
| El-Amin Muhammad #242898 (in pro per) | Michael S. Bogren (P34835) |
| E.C. Brooks Correctional Facility | Robert A. Callahan (P47600) |
| 2500 S. Sheridan Drive | Attorneys for Defendants |
| Muskegon Heights, Michigan  49444 | NORTON SHORES POLICE DEPARTMENT |
| | and KYLE A. NEHER |
| Allan C. Vander Laan (P | PLUNKETT COONEY |
| Attorney for Defendant Harrison | 950 Trade Centre Way, Suite 310 |
| CUMMINGS McCLOREY DAVIS & | Kalamazoo, Michigan   49002 |
|    ACHO, PLC | (269-226-8856) - Callahan |
| 327 Centennial Plaza Bldg | mbogren@plunkettcooney.com |
| 2851 Charlevoix Dr., SE | rcallahan@plunkettcooney.com |
| Grand Rapids, Michigan  49546 | |
| (616-975-7470) | |
| avanderlaan@cmda-law.com | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.    PLAINTIFF'S COMPLAINT.**

        Plaintiff alleges on August 1, 2014, he was being transported by Defendants Neher and Kasher from the Ionia County Jail to the Muskegon County Jail.  Plaintiff alleges while they were traveling on US 127, at approximately 85 mph, a deer crossing the opposite side

of the expressway was struck by the police car. Plaintiff alleges Norton Shores police officers were negligent in the manner in which the police car was operated. Plaintiff alleges he sustained some unspecified injuries. Plaintiff goes on to allege that when he arrived at the Muskegon County Jail, he advised medical staff he needed some attention, but did not receive any for approximately 8 hours.

Accordingly, Plaintiff makes no allegations against the Norton Shores Police Department. Plaintiff makes no allegations as to the Norton Shores police officer who was a passenger in the police car. Plaintiff suggests he is trying to assert a negligence claim against the driver of the police car. It is respectfully submitted Plaintiff has failed to state any claims that would be remedied under federal or state law. Plaintiff's complaint, as asserted against North Shores Defendants, must be dismissed.

**II.   MOTION STANDARD.**

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the `grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "`probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not `show[n]'-that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   LAW AND ARGUMENT.

#### A.   Federal Analysis.

Since Plaintiff filed in federal court, this Court would only have jurisdiction if Plaintiff asserted a claim for violation of his federal constitutional rights. Any violation of any federal constitutional rights would be remedied by 42 U.S.C. §1983. Plaintiff fails to mention this remedial statute, or any of the allegations necessary to proceed upon a claim for violation of federal rights under 42 U.S.C. §1983. See *Monroe v. Pape*, 365 U.S. 167 (1967).

Furthermore, because Plaintiff has brought suit against the Norton Shores Police Department, a governmental entity, he is required to plead and prove the alleged violation of his constitutional rights was caused by a policy, practice, or custom of that entity. He has failed to do so. This is a necessary requirement, making Plaintiff's complaint against the Norton Shores Police Department woefully deficient and subject to dismissal. See *Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978).

As to the two police officers, there are no allegations in Plaintiff's complaint from which Plaintiff can avoid a grant of qualified immunity. Defendants Neher and Kasher are entitled to dismissal on the basis of qualified immunity based upon Plaintiff's complaint.

Plaintiff's federal claims are even more glaringly deficient when one tries to infer what could be any possible theory of liability under federal law. Those officers, in the right factual scenario possibly could violate a Plaintiff's rights if they "intentionally delayed or denied access to medical care for a serious medical need." *Blackmore v. Kalamazoo County*, 390 F.3d 890-95 (6th Cir. 2004). However, Plaintiff has failed to plead the requisite objective and subjective components of such a claim. The objective component of a Fourteenth Amendment deliberate indifference cause of action requires the existence of a "sufficiently serious" medical need which posed a substantial risk of serious harm to the Plaintiff. *Id.* That element would be established only when there is medical proof of a condition, or where the need for medical care was so obvious that a "layman would readily discern" the need for prompt medical attention by health care providers. *Id.* at 899. In order to plead the subjective component of a deliberate indifference cause of action, a plaintiff must plead and ultimately prove defendants had a "sufficiently culpable state of mind in denying medical care." *Id.* at 895. Plaintiff must plead and prove Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and the official actually drew that inference but deliberately disregarded the risk." *Id.* at 896, see also *Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009). There are no allegations set forth in Plaintiff's complaint remotely suggesting any federal theory or cause of action.

4

**B.  State Law Analysis.**

As Plaintiff's complaint perhaps most lucidly states, he is attempting to proceed on a cause of action against Norton Shores police officers for "negligence." Plaintiff makes no allegations against Norton Shores Police Department in avoidance of Michigan's Governmental Immunity Act. "A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity. Placing this burden on the plaintiff relieves the government of the expenses of discovery and trial in many cases." See *Odom v. Wayne County*, 482 Mich. 459, 478-79, 760 N.W.2d 217, 227 (2008). Plaintiff alleges no facts in avoidance of governmental immunity which could begin to lead to imposition of any liability against Norton Shores Police Department. His complaint against that entity fails as to any state law theory.

As to Defendants Neher and Kasher, liability could only be imposed on claims for gross negligence. Plaintiff does not assert any claims based upon gross negligence, nor could he. A Michigan governmental employee can be subjected to liability in avoidance of governmental immunity if that employee's conduct is both (1) grossly negligent and (2) "the proximate cause" of an injury. M.C.L. §691.1407(2)(Z). As Michigan courts have consistently interpreted Michigan Governmental Immunity Act, the Michigan Legislature was clear when it required that Plaintiff plead, and ultimately prove that the governmental employees' actions were "the" proximate cause of the injury. This means the actions by the Norton Shores Police officers would have to be "the most immediate, efficient, and direct cause" of the injury. See *Robinson v. Detroit*, 462 Mich. 439, 462, 613 N.W.2d 307 (2000), *Beals v. Michigan*, 497 Mich. 363, 366, 871 N.W.2d 5, 7 (2015). As Plaintiff's complaint makes clear, the accident with the police squad car was caused when a deer ran in front of

the squad car while crossing the highway.  Pursuant to Michigan courts' interpretation of the Governmental Immunity Act, the manner of driving the squad car would not be the "the" proximate cause, i.e., the most immediate, efficient, and direct cause of the injury.  See *Beals, supra* (failure of lifeguard to intervene and save individual with learning disability not the "immediate, efficient, and direct cause" of the death - the reason the individual decedent remained submerged at the end of the pool without resurfacing was the more immediate, efficient, and direct cause of the death).  Plaintiff has not plead facts in avoidance of governmental immunity afforded to Neher and Kasher.  Reading Plaintiff's complaint, and the allegations set forth therein, it was the deer crossing the highway in front of the squad car which prevents the manner in which the squad car allegedly was being operated from being "the" proximate cause of the accident.  Accordingly, Plaintiff has failed to state claims against the individual Norton Shores police officers in avoidance of governmental immunity.

**IV.    CONCLUSION.**

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Moving Defendants agree with the assertions proffered by counsel for Co-Defendants, that this Court should act with all due dispatch in deciding the pending motions to dismiss.  Plaintiff's frivolous attempts to assert Defendants' counsel are not authorized to practice law before this Court, indicates Plaintiff shall be filing numerous unfounded motions and pleadings with this Court.  Moving Defendants respectfully submit this Court's prompt action on the pending motions to dismiss shall save precious resources of this Court and the litigant's.

Dated  August 19, 2016	Respectfully submitted,

                                       PLUNKETT COONEY


                                       By:   /s/ Robert A. Callahan
                                               Robert A. Callahan (P47600)
                                               Attorney for Defendants North Shores
                                                Police Department, Neher, and Kasher
                                             950 Trade Centre Way, Suite 310
                                             Kalamazoo, MI  49002
                                             **Direct Dial:  269/226-8856**


Open.00560.61916.17312686-1