UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL AMIN MUHAMMAD,

            Plaintiff,

v.

KYLE A. NEHER, *et al.*,

            Defendants.

_____/

Case No. 1:16-cv-276

Hon. Janet T. Neff

## REPORT AND RECOMMENDATION

This matter is now before the Court on a number of motions filed by *pro se* plaintiff prisoner El Amin Muhammad.  Although plaintiff is currently incarcerated by the Michigan Department of Corrections, his claims arise from incidents which occurred prior to that date.

### I.      Plaintiff's allegations

In his amended complaint, plaintiff alleged that on or about August 1, 2014, while being transported from the Ionia County Jail by a driver Detective John Doe and passenger Detective Kyle A. Neher, the driver (John Doe) negligently operated the police cruiser and hit a deer.  Amend. Compl. (docket no. 7, PageID.31).  Plaintiff was in the back of the vehicle in "ankle and belly and wrist restraints" when the air bags deployed.  *Id.*  As a result of the crash plaintiff suffered great discomfort and pain in the lower back and right wrist.  *Id.*  The Michigan State Police defendant officer John Doe did not call a paramedic after plaintiff complained of back and wrist pain.  *Id.* at PageID.32.  Nor was plaintiff taken to the hospital after the accident.  *Id.*  Later that evening, at 8:30 p.m., plaintiff saw a nurse at the Muskegon County Jail.  *Id.* at PageID.33. The nurse did not give plaintiff any medical attention for his injuries, but only allowed him to answer "basic medical intake

questions." *Id*. Plaintiff makes no further allegations regarding his medical condition or treatment for the next 2 1/2 months. Plaintiff alleged that he incurred medical expenses on or about October 19, 2014, consisting of a $10.00 co-pay to see a doctor at the jail and $7.00 for a muscle relaxer and pain reducer (Flexiral). *Id*. at PageID.33. The jail "cut off" the medication to curb plaintiff's back pain because he did not have health insurance. *Id*. Plaintiff named the following defendants as having some involvement with his injuries: Detective Neher; Unknown Party #1 (John Doe, Detective/Driver Transport); Norton Shores Police Department; Unknown Party #2 (Michigan State Police Officer John Doe); Unknown Harrison [Hairston] (Muskegon County Jail Deputy/Booking Officer); Unknown Party #4 (RN Elain, residential nurse/intake medical screen); and Unknown Party #5 (Dr. John Doe, Jail Doctor). Plaintiff seeks $7,000,000.00 for his injuries. *Id*. at PageID.34.

This matter is now before the Court on motions to dismiss by defendants Hairston (docket no. 14) and defendants Neher and the Norton Shores Police Department ("Police Department") (docket no. 27).[1] Plaintiff did not file a response to either motion.

## II.   Defendants' motions to dismiss

### A.   Legal Standard

Defendants bring their motions pursuant to Fed. R. Civ. P. 12(b)(6), which seeks dismissal for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

---

[1] For purposes of this report, the undersigned will refer to defendant "Harrison" by his correct name, "Hairston."

a complaint pleads facts that are "merely consistent with" a defendant's liability, it
"stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  With respect to pleading,

Fed. R. Civ. P. 8(a)(2) requires pleadings to contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  *Id.* at 677-78.  The pleading standard Rule 8

announces does not require "detailed factual allegations," but it demands more than an unadorned,

the - defendant - unlawfully - harmed - me accusation.  *Id.* at 678.  A pleading that offers "labels and

conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions

devoid of further factual enhancement" are insufficient. *Id.* at 678 (internal quotation marks and

brackets omitted).

        In making this determination, the complaint must be construed in the light most

favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs

Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "*Pro se* complaints are to be held to less stringent

standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted).  However,

this liberal construction does not require the Court "to conjure up unpled allegations."  *Dietz v.

Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Nor can a court rewrite a complaint to include

claims that were never presented.  *Rogers v. Detroit Police Deptartment*, 595 F. Supp.2d 757, 766

(E.D. Mich. 2009).  To hold otherwise would require the court to explore all potential claims of a

*pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party.  *Id.*

Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.  Unknown Hairston

In his amended complaint, plaintiff identified this defendant as "Muskegon County Jail Deputy First unknown last Harrison" who was "Deputy/Booking Officer" at the Muskegon County Jail.  Amend. Compl. at PageID.30.  This defendant has been identified by his counsel as having the surname "Hairston."  Plaintiff's allegations against this defendant are as follows:

> e.)    Upon arrival Plaintiff-Petitioner was booked into the Muskegon County Jail in 'Great Pain' at or on August 1st, 2014 at approximately 12:00 p.m. where Plaintiff-Petitioner advised Muskegon County Jail Staff that Plaintiff-Petitioner was in a car accident and needed some medical attention.
>
> f.)    Plaintiff-Petitioner did not see a (RN) Residential Nurse until at or on August 1st 2014 at 8:30 PM where Plaintiff-Petitioner was not given medical attention for his injuries, only allowed to answer basic medical intake questions by Defendant (RN) Elain (Last unknown).  This was after Booking Officer Defendant (First unknown) Harrison a Deputy at the Jail was notified by Plaintiff-Petitioner of recent accident and injuries, and that Plaintiff was in pain.

*Id*. at PageID.33.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir.2010).  "It is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by the each of the named defendants." *Bennett v. Schroeder*, 99 Fed.

4

Appx. 707, 712-13 (6th Cir. 2004).   Plaintiff has failed to plead how defendant Hairston violated

his constitutional rights.   All that plaintiff has alleged is that he arrived at the jail at noon, that

Hairston was the booking deputy, and that plaintiff saw a nurse that evening at 8:30 p.m.

To the extent that plaintiff claims he was denied medical care at the jail, he has

alleged nothing to establish that Hairston acted with deliberate indifference to deny him medical

care.  As the Sixth Circuit explained in *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.

2004),

> The Eighth Amendment forbids prison officials from "unnecessarily and
> wantonly inflicting pain" on an inmate by acting with "deliberate indifference"
> toward the inmate's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97
> S.Ct. 285, 50 L.Ed.2d 251 (1976).  Pretrial detainees are analogously protected under
> the Due Process Clause of the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S.
> 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Whether a convicted prisoner or a
> pretrial detainee, deliberate indifference to one's need for medical attention suffices
> for a claim under 42 U.S.C. § 1983.  *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th
> Cir.1985).  Prison officials' deliberate indifference violates these rights "[w]hen the
> indifference is manifested by . . . prison guards in intentionally denying or delaying
> access to medical care . . . ." for a serious medical need.  *Estelle*, 429 U.S. at 104,
> 97 S.Ct. 285.
>
> A constitutional claim for denial of medical care has objective and subjective
> components.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d
> 811 (1994); *Napier* [*v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)]; *Brown
> v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).  The objective component requires the
> existence of a "sufficiently serious" medical need.  *Farmer*, 511 U.S. at 834, 114
> S.Ct. 1970; *Estelle*, 429 U.S. at 104, 97 S.Ct. 285.  . .
>
> The subjective component requires an inmate to show that prison officials
> have "a sufficiently culpable state of mind in denying medical care."  *Brown*, 207
> F.3d at 867 (citing *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970).

*Blackmore*, 390 F.3d at 895.

Here, plaintiff's allegations amount to nothing more than "an unadorned, the -

defendant - unlawfully - harmed - me accusation."  *Iqbal*, 556 U.S. at 678.  These allegation are

insufficient to state a constitutional cause of action against defendant Hairston. Accordingly, Hairston's motion to dismiss (docket no. 14) should be granted.

### C.    Detective Neher

Plaintiff identified defendant Neher as a "Detective/Transport Passenger" employed by the Police Department. Amend. Compl. at PageID.29. Plaintiff alleged that Detective Neher was a passenger in the car that hit the deer. While plaintiff stated that he "never saw a Paramedic" and was not taken to a hospital to seek a physician even though he was involved in "a serious collision destroying the front of the Norton Shores Police cruser [sic]," he makes no further allegations against Detective Neher.  *Id*. at PageID.31-32.  Plaintiff does not allege any facts to support a claim that Detective Neher acted with deliberate indifference to plaintiff's serious medical condition.  *See Id.* at PageID.31-32; *Blackmore*, 390 F.3d at 895.  Plaintiff's allegations against defendant Neher amount to nothing more than another unadorned "defendant - unlawfully - harmed - me accusation." *Iqbal*, 556 U.S. at 678.  Accordingly, defendant Neher's motion to dismiss (docket no. 27) should be granted.

### D.    The Police Department

Plaintiff does not allege that the Police Department engaged in any misconduct. Rather, plaintiff has apparently sued the Police Department as the employer of the Detective Neher and John Doe, the transport driver.  The City's liability under § 1983 must be based on more than respondeat superior, or the right to control employees. *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 694-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874-875 (6th Cir. 1982). "[A] plaintiff who sues a city and its police department for constitutional violations under 42 U.S.C. § 1983 must establish that a

governmental policy or custom caused the alleged injury." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998), citing *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-691 (1978). "In other words, a municipality can be liable under § 1983 only where its policies are 'the moving force' behind the constitutional violation." *Sova*, 142 F.3d 898 at 904, citing *Monell*, 436 U.S. at 69. Plaintiff has not identified any constitutional right violated by defendants nor alleged that the Police Department had any policy which was the moving force behind any such violation. Accordingly, the Police Department's motion to dismiss (docket no. 27) should be granted.

### III    Recommendation

For the reasons set forth above, I respectfully recommend that the motions to dismiss filed by Unknown Harrison [Hairston] (docket no. 14) and Detective Neher and the Norton Shores Police Department (docket no. 27) be **GRANTED** and that defendants Harrison [Hairston], Neher, and the Norton Shores Police Department be **DISMISSED** from this lawsuit.


Dated:  March 1, 2017                         /s/ Ray Kent                                    
                                              RAY KENT
                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).