UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL AMIN MUHAMMED,

    Plaintiff,

v.

KYLE A. NEHER et al.,

    Defendants.

File No. 1:16-cv-276

HON. JANET T. NEFF

_____/

## ORDER

This is a civil rights action by a prisoner proceeding *pro se*. On March 3, 2017, United States Magistrate Judge Ray Kent issued a Report and Recommendation ("R&R"), recommending that the Court grant motions to dismiss filed by Defendants Hairston (identified as "Harrison" in Plaintiff's complaint), Neher, and the Norton Shores Police Department (ECF No. 86). Plaintiff has responded to the R&R. (ECF No. 90.) Plaintiff has also filed a motion for leave to file a second amended complaint. (ECF No. 89.) For the reasons that follow, the R&R will be adopted in part.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff does not raise any objections in response to the R&R. Instead, he states that he would like to dismiss his negligence claim against all defendants other than Defendant Kasher, and that he would like to serve his proposed amended complaint.

The R&R recommended granting Defendants' motions for dismissal. However, Plaintiff has filed a motion for leave to file an amended complaint. If, after review of Defendants' response to

the motion, the Court grants Plaintiff leave to file his proposed amended complaint, then Defendants' motions to dismiss may be moot. If, on the other hand, the Court denies leave to amend the complaint, then Defendants' motions for dismissal will be granted because Plaintiff has not responded to those motions or objected to the recommendation in the R&R that they should be granted. Thus, with the exception of two issues, Plaintiff's motion for leave to amend must be resolved before the Court makes a final determination on Defendants' motions to dismiss.

One issue that can be resolved at the present time is the dismissal of Defendant Norton Shores Police Department. The R&R recommends dismissal of this defendant for failure to state a claim. Plaintiff does not name Norton Shores Police Department as a defendant in his proposed amended complaint (ECF No. 89-1). Consequently, however the Court resolves the motion for leave to amend the complaint, Norton Shores Police Department will be dismissed without prejudice.

In contrast, Plaintiff names Defendants Hairston and Neher in his proposed amended complaint. Their dismissal will depend on whether the Court grants Plaintiff leave to amend his complaint. Consequently, the Court will deny their motions to dismiss without prejudice. If the Court denies Plaintiff's motion to amend his complaint, they can ask the Court to renew their motions to dismiss.

The other issue that can be resolved is Plaintiff's request to dismiss his negligence claim against all Defendants other than Defendant Kasher. Plaintiff filed this request on the same date as his proposed amended complaint, so even if the proposed amended complaint contains a negligence claim against a defendant other than Defendant Kasher, the Court construes his request as applying to the proposed amended complaint as well as the first amended complaint. Plaintiff's request will be granted under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which permits voluntary dismissal of a claim by court order.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 86) is **ADOPTED IN PART** with respect to Norton Shores Police Department.

**IT IS FURTHER ORDERED** that the motion to dismiss by Defendants Kyle Neher and Norton Shores Police Department (ECF No. 27) is **GRANTED IN PART** as to Defendant Norton Shores Police Department, and **DENIED WITHOUT PREJUDICE** as to Defendant Neher.

**IT IS FURTHER ORDERED** that Defendant Norton Shores Police Department is **DISMISSED**.

**IT IS FURTHER ORDERED** that the motion to dismiss by Defendant Hairston ("Harrison") (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's objections, titled "Petition for Voluntary Dismissal," (ECF No. 90) is **GRANTED IN PART**. Plaintiff's negligence claim against all Defendants other than Defendant Kasher is **DISMISSED**.

Dated: March 24, 2017           /s/ Janet T. Neff
                                JANET T. NEFF
                                UNITED STATES DISTRICT JUDGE