UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL'Amin Muhammad,
    Plaintiff,

v.

KYLE A. NEHER, MICHAEL D. KASHER, et.al.,
    Defendants.

Case No. 1:16-cv-276

Hon. Janet T. Neff

MAGISTRATE RAY KENT

---

EL'Amin Muhammad, In Pro Per
#0242848
ALGER Correctional Facility
N6141 Industrial Park Drive
Munising, Mich. 49862

Allan C. Vander Laan P33893
CUMMINGS, McCLOREY, DAVIS & ACHO
Attorneys For Defendant Hairston
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids, Mich. 49546

Michael S. Bogren P34835
PLUNKETT COONEY
Attorneys For Neher and Kasher both
Defendants
950 Trade Centre Way, Suite 310
Portage, Mich. 49002
269-226-8822

---

### AMENDED

Motion applying For Injunctive Relief AGAINST THE "PERSON" as to OFFICIAL CAPACITY as to DETECTIVE KYLE A. NEHER AND DETECTIVE MICHAEL D. KASHER UNDER COLOR OF STATE LAW FOR THE DEPRIVATION OF PLAINTIFF 8th Amendment PROTECTED CONSTITUTIONAL FEDERAL RIGHT PURSUANT TO F.R.C.P. Rule 65(a) AND THE NORTON SHORES POLICE DEPARTMENT

Now Comes EL'Amin Muhammad In Pro Per and Moves this Court For Preliminary Injunctive Relief in Monetary Damages Pursuant to F.R.C.P. Rule 65(a), and 42 U.S.C. §1983, relief being sought against the "Person" Defined in 42 U.S.C. §1983 where Defendants Kyle A. Neher and Michael D. Kasher under color of state Law becomes a entity" in their official capacity as defined in 42 U.S.C. §1983, and The Norton Shores Police Department in its supervisory acquiesced to deliberate indifference and states:

1.) As a Governmental entity acting under color of state Law exercising the the Powers of the state as in THE NORTON SHORES POLICE DEPARTMENT, Detective KYLE A. NEHER and Detective Michael D. KASHER Both Defendants of Norton Shores Police Department by a Pattern or Practice resulted in a U.S. Protected Constitutional deprivation, as to:

a. The entity NORTON SHORES POLICE DEPARTMENT was called and notified that the "Persons", Defendant Kasher and Neher acting under color of state Law were along with a Prisoner/detainee in a high speed collision on interstate 96. all entities therein acted with deliberate indifference towards the Federal Protected Constitutional right under the 8th Amendment of the Plaintiff to Provide a Basic human right to medical/ a serious medical need.

2.) Under color of State Law The Norton Shores Police Department and it's agents/Defendants Detectives Neher and Kasher, acted under the authority of the state statute, ordinance, regulation, custom, or usage", The United States Supreme Court has said that a defendant's actions can be considered state claim/action (acting under the authority of the state) where there is a "misuse of Power", Possessed by virtue of state Law and made Possible only because the wrongdoer is clothed with the authority of state Law.

3.) Plaintiff is entitled to injunctive monetary relief provided by Norton Shores Police Department, and agents, employees/Detectives Neher and Kasher involvement in violating Plaintiffs rights where:

a. Where Norton Shores Police Department in the nature of supervisory capacity and extentions of Defendants Neher and Kasher, condoned, encouraged, or knowingly acquiesced to the misconduct of deliberate in difference. <u>Hicks v. Frey</u> 992 F.2d, 1450, 1455 [6th Cir. 1993]; <u>Dunn v. State of Tennesse</u>, 697 F.2d 121, 128 [6th Cir. 1982].

b. Norton Shores Police Department in the nature of supervisory capacity knew that the Defendants and the Plaintiff just experienced a high speed collision with a crossing deer, and did not order the defendants Kasher and Neher dispite these defendants own acts of deliberate indifference, to provide the Plaintiff with a Medic for medical needs and clearance where Plaintiff sustained injuries while unsecured in the back of a Norton Shores Police cruiser, Norton shores Police Departments concern was only if:

  i. The Norton Shore Police cruser was Damaged,
  ii. Was it drivable,
  iii. Providing alternate transportation, and
  iv. Providing protocol for medical examination for its Detectives Kasher and Neher.

c. Norton Shores Police Department Respondants did not provide a Medic to address Plaintiffs injuries sustained upon providing alternate transportation but did provide the following:

  i. Mechanic/Maintenance request to repair or replace the damaged Police cruser,
  ii. Request a report of the accident and damage assessment for Possible cost for repairs.
  iii. Logging of Defendants Kasher and Neher medical clearance report.

d. These actions constitute deliberate indifference and fall under a 8th Amendment Protected Federal Constitutional right injury/violation where the Norton Shores Police Department deprived Plaintiff of Basic medical needs to a serious medical need and Plaintiff is entitled to injunctive relief where Norton Shores Police Department is not qualified for immunity in respective to injunctive relief, and is in retrospect an extention of the Defendants, Norton Shores Police Detectives Neher and Kasher.

e. Norton Shores Police Department becomes liable to a 42 U.S.C. § 1983 in their supervisory capacity and meet both the objective and subjective components of deliberate indifference by the following:

  i. <u>Objective Component</u>: A Distress call was made by Defendants KASHER and Neher Detectives of Norton Shores Police Department To Norton Shores Police Department as Part of Procedure Protocol when officers are involved in a highspeed collision, upon making the distress call Norton Shores Police Department was made aware of the collision and a request for separate alternate Transport vehicles; one for both Defendants, and one for completion of Transport of Plaintiff where initial Transport vehicle was Totaled;

  Norton Shores Police Department Respondant were made aware of the collision with a crossing deer and extensive damage to vehicle, that the Plaintiff was detainee a Passenger who was also involved in the collision as a passenger being transported from (ICJ) to (MCJ), That the Plaintiff faced a substantial risk of serious harm or injury, where Plaintiff was unsecured in the back seat w/o a seat belt, and where no airbag deployed upon collision.

  ii. <u>Subjective Component</u>: Norton Shores Police Department Respondant to distress call disregarded the risk of serious harm/injury by failing to take reasonable measures to abate the risk: Instead the Respondant only provided a alternate vehicle for transporting

The Plaintiff to (MCJ): For Defendants Kasher and Neher Full medical Protocol, alternate transport whereupon all Medical needs by Procedure and (NSPD) Policy Regulations were Followed and after medical clearance Defendants Kasher and Neher returned to regular duty. The actions by (NSPD) Respondant shows a affirmative deliberate indifference and affirmative demonstration that the Superior (NSPD) condoned, encouraged, or Knowingly acquiesced to the misconduct of deliberate indifference. Hicks v. Frey, 992 F.2d. 1450, 1455 (6th Cir. 1993). (NSPD) does not qualify For qualified immunity

4.) Plaintiff reserves the right to Amend Complaint adding Norton Shores Police Department or (NSPD) Respondant as a Defendant under a claim of deliberate indifference, or as (NSPD) is an extention of (NSPD-Detective Neher and Kasher) be qualified For damages For Injunctive relief sought in the amount of $2,000,000.⁰⁰; Thats Two million U.S. dollars and zero cents; by Leave of Court as Justice so requires.

5.) Plaintiff without waiving any rights seeks injunctive relief as in damages For Defendants Kasher and Neher in their official capacities where both defendants acting under color of State Law extentions of Norton Shores Police Department under the authority of a State statute, ordinance, regulation, custom, or usage as Detectives misused their Power, possessed by virtue of State Law and made Possible only because the wrongdoer-Defendants are clothed with the authority of the state, For the Following:

    a. Injunctive relief sought in damages against Defendant Kasher in his official capacity is For the cost of Medical needs as listed in relief requested, any and all Legal Fees, and any and all Medications as listed in relief requested and any Monetary relief the Court so sees Fit.

    b. Injunctive relief sought in damages against Defendant Neher in his official capacity is For the cost of Medical needs as listed in relief requested, any and all Legal Fees, and any and all Medications as listed in relief requested and any Monetary relief the Court so sees Fit.

## CONCLUSION AND INJUNCTIVE RELIEF REQUESTED

Wherefore Plaintiff Muhammad For all the reasons set forth herein shall be awarded The Following Injunctive relief:

1. An MRI of the back, specifically the area containing the Sciatic nerve to determine Disk soft tissue Damage which can only be determined by MRI, to determine if nerve compression and nerve damage has occurred, and what long term damage and untreated damage to these areas and tissue and nerves will result in, and should a reading of the MRI dictate, soft tissue damage, sciatic nerve compression, disk damage, that Plaintiff be scheduled to consult with a surgeon Qualified to Perform the appropriate Laser and corrective surgery to the damaged area caused by the collision, and all Medical expenses For the same.

2. If Laser and other corrective surgery is indicated, then the damages in Plaintiffs back as a whole be corrected at the same time, and all Medical expenses For the same.

3. That Plaintiff be Provided with the Following medications, To include an not be limited To: a muscle relaxant, comprehensive Pain Management until after surgical corrections has occured, and all Medicational expenses be Paid by the Defendants.

4. The Plaintiff be secured with a seatbelt during any transportation to or From Medical consultations, surgery, or otherwise.

5. Any and all Legal expenses in relation to the matter, or material to this case.

6. The amount of $2,000,000.00 Two million U.S. dollars and zero cents, or a Punitive treatment amount the Court sees fit which is reasonable as the actions by Norton Shores Police Department (NSPD) Detectives as listed under the color of state Law amounted to gratuitous infliction of "wanton and unnecessary" Pain That our Precedent clearly Prohibits.

Date: 4-19-18

Respectfully Submitted,

[signature]

Mr. El'Amin Muhammad (In Pro Per)
C/o 242898
ALGER Correctional Facility
N6141 Industrial Park Drive
Munising, Mich. 49862

Enclosed:
My File
cc. U.S. District Court
cc. Michael S. Bogren P34835

Proof of service
by CSJ-318 Form
Enclosed

Mr. El'Amin Muhammad
#242848
LGCF Correctional Facility
16141 Industrial Park Drive
Lansing, Mich. 48862

Office of the Clerk
United States District Court
B-35 Federal Building
410 W. Michigan Ave.
Kalamazoo, Mich. 49007

