UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL AMIN MUHAMMAD,

      Plaintiff,

v.

KYLE A. NEHER, *et al.*,

      Defendants.
_____/

Case No. 1:16-cv-276

Hon. Janet T. Neff

## CASE MANAGEMENT ORDER

This is a *pro se* civil rights action brought by a state prisoner. The stay on discovery set forth in the Court's April 18, 2018 Order (ECF No. 139) is **LIFTED**.

    1.    **Response to complaint**: Defendants are not required to file a response to the complaint. The only action required of defendants is the filing of an appearance within the time allowed by the Court's order of service. 42 U.S.C. § 1997e(g)(1). The Court may direct the filing of an answer at a later date.

    2.    **Defendant Hairston's Motion to depose plaintiff**: Prior to the Court's issuance of the stay, defendant Hairston moved to depose plaintiff (ECF No. 138). Fed. R. Civ. P. 30(a)(2)(B) requires that a party must obtain leave of Court "if the deponent is confined in prison." Defendant's motion is **GRANTED**. In addition, defendants Neher and Kasher are granted leave to depose plaintiff.

    3.    **Plaintiff's Motion to depose defendant Hairston**: While the stay was in force, plaintiff has filed a document entitled "Motion and Notice Plaintiffs [sic] request for a stipulation to ECF. [sic] No. 138 to depose defendant Hairston at time of ordered ordered [sic] to

1

take deposition of plaintiff" (ECF No. 147). Plaintiff's motion is **DENIED** because it was filed in violation of the stay. However, even if the motion was properly before the Court, it would be denied because the Court does not coordinate the parties' discovery. Fed. R. Civ. P. 30(a)(2)(B) requires defendants to obtain leave of Court to depose plaintiff because he is incarcerated. In granting defendant Hairston's motion for leave to depose plaintiff, the Court does not order or schedule any particular time for plaintiff's deposition. Plaintiff is not required to file a motion to depose defendants because they are not incarcerated. As discussed below, each party is responsible for its own costs incurred in discovery. If plaintiff wants to depose defendants, then he is responsible for scheduling the depositions, paying for a Court Reporter to record the depositions, and sending out notices for the the depositions. *See* Fed. R. Civ. P. 30(b).

  **4.**  **Discovery and Motions**

The following discovery deadlines apply:

- a) The parties are limited to 10 interrogatories, 5 requests for admission, and 5 requests for production of documents for each opposing party.
- b) No party may depose more than 5 fact witnesses without prior approval of the court. The length of each deposition shall be limited to no more than 7 hours.
- c) All written discovery requests must be served no later than **September 14, 2018**.
- d) Discovery is to be completed by **October 12, 2018** and shall not continue beyond this date.
- e) Each party shall be responsible for its own costs incurred in discovery.
- f) All discovery motions shall be filed no later than **October 26, 2018**.

  **g)**  All other pretrial motions, whether dispositive or non-dispositive, shall be filed in accordance with the Federal Rules of Civil Procedure and Western District of Michigan Local Rules not later than **November 9, 2018**.

  **5.**  **Trial:** The Court will schedule this matter for a final pretrial conference and trial after all pretrial motions have been resolved.

  **6.**  **Extensions/Amendments:** Absent extraordinary circumstances, no deviations from this order will be permitted.

  **IT IS SO ORDERED.**


Dated:  May 10, 2018        /s/ Ray Kent
                United States Magistrate Judge