UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL-AMIN MUHAMMAD #242898,

    Plaintiff,

-vs-

KYLE A. NEHER, d/b/a DET KYLE
A. NEHER, MICHAEL KASHER d/b/a
DET. MICHAEL D. KASHER, OFFICER
JOHN DOE alternate transport officer (NSPD),
(MSP) OFFICER JOHN DOE, DARRYL HAIRSTON
d/b/a (MCJ) DEPUTY DARRYL HAIRSTON,
ELAINE (DOE) d/b/a RN NURSE ELAINE (DOE)
last name unknown (MCJ),

    Defendants.

Case No. 1:16-cv-276

HON. JANET T. NEFF
MAGISTRATE RAY KENT

---

**DEFENDANTS KYLE A. NEHER'S AND MICHAEL D. KASHER'S BRIEF IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS KYLE A. NEHER, MICHAEL D. KASHER, AND THE NORTON SHORES POLICE DEPARTMENT**

Defendants Kyle A. Neher ("Neher") and Michael D. Kasher ("Kasher") (Neher and Kasher may be referred to collectively as the "Defendants") by and through their attorneys PLUNKETT COONEY, file their brief in response opposing the issuance of a preliminary injunction under Fed.R.Civ.P. 65. Plaintiff's motion should be denied as he does not meet the criteria for a preliminary injunction in his claims against Defendants.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff, a prisoner in the custody of the Alger Correctional Facility, alleges on August 1, 2014, he was being transported by Defendants Neher and Kasher from the Ionia County Jail to the Muskegon County Jail. Plaintiff alleges during transport, Defendant

Kasher negligently operated the transport vehicle at high speeds and struck a deer causing injury to Plaintiff. [Second Amended Complaint, ¶ 12].

In addition to his claim of negligence as to Defendant Kasher, Plaintiff has also sued Defendants Kasher and Neher in their individual capacity under 42 U.S.C. §1983 for an alleged violation of Plaintiff's rights under the Eighth Amendment. Plaintiff claims that he advised the Defendants he was experiencing lower back and wrist pain following the collision with the deer and that he was denied medical attention. [Second Amended Complaint, ¶ 13].

Plaintiff requests that this Court issue a preliminary injunction and that he be awarded the following injunctive relief: (1) an MRI of his back; (2) consultation with a surgeon qualified to perform laser and corrective surgery; (3) reimbursement of his medical expenses; (4) laser and other corrective surgery, plus all medical expenses; (5) medications which include, but are not limited to, a muscle relaxant, comprehensive pain management until after surgical corrections, along with applicable medical expenses; (6) that he be secured with a seatbelt during any transportation to or from medical consultations, surgery, or otherwise; (7) all legal expenses in relation to the matter, or material to this case; and (8) $2,000,000 or a punitive treatment amount the court sees fit.

For the reasons set forth below, Plaintiff's request must be denied.

## II. ARGUMENT

### A. Legal Standards

Preliminary injunctions are governed by Fed.R.Civ.P. 65. In determining whether to grant or deny a request for preliminary injunction, the court is required to consider four factors:

>  1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

2

> 2) Whether the movant has shown irreparable injury;
>
> 3) Whether the preliminary injunction could harm third parties;
>
> 4) Whether the public interest would be served by issuing the preliminary injunction.

*Gaston Drugs, Inc.* v. *Metropolitan Life Insurance Co.*, 823 F.2d 984, 988 (6th Cir. 1987). The court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

> A finding that the movant has not established a strong probability of success on the merits will not preclude a court from exercising its discretion to issue a preliminary injunction if the movant has, at a minimum, 'show[n] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued.'

*Gaston Drugs*, 823 F.2d at 988. The four factors applicable to decisions on preliminary injunctions are factors to be balanced, not prerequisites that must be met. *Sandison v. Michigan High School Athletic Ass'n., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). The nature and purpose of preliminary injunctions "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Six Clinics Holding Corp. v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir.2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000). Plaintiff has neither alleged facts nor submitted evidence warranting an immediate injunction in this matter. Indeed, Plaintiff has made no attempt to apply the

3

above factors to his situation altogether. For those reasons alone Plaintiff's motion must be denied.

Additionally, "[f]or injunctive relief, the plaintiff [ ] must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm **and that they will continue to do so.**' " *Laube v. Haley*, 234 F.Supp.2d 1227, 1242 (M.D.Ala.2002), quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). It is well-established that "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *Fisher v. Goord*, 981 F.Supp. 140, 168 (W.D.N.Y.1997). Here, Plaintiff is no longer in the custody of the Norton Shores Police Department. Thus, there is no harm that the Defendants, employed with the Norton Shores Police Department, could continue to allegedly deny treatment to Plaintiff and therefore his request must be denied.

Based on the above standards, a preliminary injunction should not issue in this case. Plaintiff is unlikely to succeed on the merits of his case and has not demonstrated irreparable harm if an injunction is not issued. These Defendants, on the other hand, will suffer significant harm, as will innocent third parties and the general public, should this Court issue an injunction. Accordingly, Plaintiff's motion must be denied.

### B. <u>Plaintiff does not meet the criteria for a preliminary injunction.</u>

In the present case relative to Plaintiff's claim against Defendants, a preliminary injunction should not issue as Plaintiff does not meet the criteria for issuance.

1. **There is not a strong likelihood of success on the merits.**

Plaintiff's claims against Defendants Neher and Kasher are not likely to succeed on the merits. Based on Plaintiff's own allegations, his claims do not rise to the level of a violation of a constitutional right nor do they allege facts in avoidance of governmental immunity.

As to Plaintiff's claims for deliberate indifference to Plaintiff's serious medical needs, defendants in the right factual scenario possibly could violate a plaintiff's rights if they "intentionally delayed or denied access to medical care for a **serious medical need**." *Blackmore v. Kalamazoo County*, 390 F.3d 890-95 (6th Cir. 2004). However, Plaintiff has failed to plead the requisite objective and subjective components of such a claim and is therefore unlikely to succeed on the merits.

The objective component of a Fourteenth Amendment deliberate indifference cause of action requires the existence of a "sufficiently serious" medical need which posed a substantial risk of serious harm to the Plaintiff. *Id.* That element would be established only when there is medical proof of a condition, or where the need for medical care was so obvious that a "layman would readily discern" the need for prompt medical attention by health care providers. *Id.* at 899.

In order to plead the subjective component of a deliberate indifference cause of action, a plaintiff must plead and ultimately prove defendants had a "sufficiently culpable state of mind in denying medical care." *Id.* at 895. Plaintiff must plead and prove Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and the official actually drew that inference but deliberately disregarded the risk." *Id.* at 896, see also *Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009).

5

All record evidence establishes that the underlying collision with the deer was indeed minor. As evidenced in the State of Michigan Traffic Report, it was reported there was no hazardous action on behalf of the driver, there were no injuries to the driver or any of the passengers, no airbag deployment, and only functional damage of the police cruiser, leaving it drivable. And contrary to Plaintiff's assertion, it was reported that all passengers, including Plaintiff, were restrained by a shoulder and lap belt. See ***Exhibit A***. Plaintiff has submitted no medical records documenting his claims of a serious medical condition. Thus, his claim for deliberate indifference is conclusory and unsubstantiated.

Moreover, Plaintiff acknowledges he was seen by a nurse at the Muskegon County Jail after the subject collision. [Second Amended Complaint, ¶ 19]. And Plaintiff does not allege any delay in treatment by **Kasher or Neher** resulted in additional injury. He alleges only that he was experiencing pain. "Plaintiffs claim only that Burgess endured hours of pain, which is insufficient to establish his claim." *Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013). For those reasons, Plaintiff's claims for deliberate indifference are unlikely to succeed on the merits.

Likewise, Plaintiff's claim of negligence against Kasher is also unlikely to succeed on the merits. Liability could only be imposed based upon a claim for gross negligence. A Michigan governmental employee can be subjected to liability in avoidance of governmental immunity if that employee's conduct is both (1) grossly negligent and (2) "the proximate cause" of an injury. M.C.L. §691.1407(2)(Z). As Michigan courts have consistently interpreted the Michigan Governmental Immunity Act, the Michigan Legislature was clear when it required that Plaintiff plead, and ultimately prove that the governmental employee's actions were "the" proximate cause of the injury. This means the actions by Kasher would have to be "the most immediate, efficient, and direct cause" of the

6

injury. See *Robinson v. Detroit*, 462 Mich. 439, 462, 613 N.W.2d 307 (2000), *Beals v. Michigan*, 497 Mich. 363, 366, 871 N.W.2d 5, 7 (2015).

Plaintiff does not assert any claims based upon gross negligence, nor could he. He alleges only simple negligence against Defendant Kasher. As Plaintiff's second amended complaint makes clear, the accident with the police squad car was caused when it struck a deer. Pursuant to Michigan courts' interpretation of the Governmental Immunity Act, the manner of driving the squad car would not be "the" proximate cause, i.e., the most immediate, efficient, and direct cause of the injury. See *Beals, supra* (failure of lifeguard to intervene and save individual with learning disability not the "immediate, efficient, and direct cause" of the death - the reason the individual decedent remained submerged at the end of the pool without resurfacing was the more immediate, efficient, and direct cause of the death).

Reading Plaintiff's second amended complaint, and the allegations set forth therein, it was the deer crossing the highway in front of the squad car which prevents the manner in which the squad car allegedly was being operated from being "the" proximate cause of the accident. This is also confirmed by the Michigan Traffic Crash Report which reports there was no hazardous action by Defendant Kasher and that the most harmful event of the incident to be the animal (i.e., the deer). See **Exhibit A**.

For the above reasons, Plaintiff cannot show a strong likelihood that he would succeed on the merits.

### 2. Plaintiff does not meet the criteria of irreparable injury.

When determining the propriety of a preliminary injunction, the most significant issue before the Court is whether a plaintiff has demonstrated that he will suffer *immediate*

7

*and irreparable harm* unless the preliminary injunction issues. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 924 (D.C.1958). In short, "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. In evaluating the harm facing the Plaintiff, the Court must evaluate three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.1987).

In this case, Plaintiff has failed to present any evidence demonstrating that he would sustain irreparable harm if his injunction request were not granted. The injuries alleged by Plaintiff, which are alleged to be only pain, are unsubstantiated by Plaintiff. And the harm claimed by Plaintiff cannot be irreparable since Plaintiff seeks monetary damages as a form of relief. Moreover, as provided for above, Plaintiff is no longer in custody of Defendants but in the custody of the Alger Correctional Facility. Thus, there is no harm that the alleged denial of such medical treatment would continue. Accordingly, the Court must find that Plaintiff will not suffer irreparable injury.

### 3. Balance of hardship does not weigh heavier on Plaintiff.

Plaintiff has failed to present any evidence as to whether the issuance would harm any third parties in his request for injunctive relief. But the taxpayers of this state are the persons

8

who would incur the hardship of paying for such unwarranted relief. And because Plaintiff has failed to substantiate any of his alleged injuries and failed to provide any proof that he will likely succeed on the merits or suffer irreparable harm should the injunctive relief be denied, granting a request for injunctive relief should be denied, as it would impose great hardship on the taxpayers. Thus, it is without question the balance of hardship to Plaintiff for denial of the preliminary injunction does not outweigh the hardship to the taxpayers that would be paying for Plaintiff's request.

### 4. The public interest would not be served by issuing the preliminary injunction.

As argued above in section 3, the harm to third parties, the taxpayers of this state, is that they ultimately pay for Plaintiff's and other prisoners' treatment. Similarly, the public interest would not be served by the issuance of the preliminary injunction. Plaintiff, by this motion, is asking the court to order Defendants provide medical treatment without providing any basis in fact for the need of such. Clearly, the taxpayers and public interest would support treatment of serious medical needs. However, in the present case, to grant Plaintiff's request by means of granting this motion for preliminary injunction for his request for medical treatment, which have not been proven whatsoever, would not be in the public interest.

### III. CONCLUSION

Plaintiff has neither alleged facts nor submitted evidence warranting an immediate injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. The evidence submitted by Defendants (**Exhibit A**) indicates that the subject collision with the deer resulted in no injuries to Plaintiff. Plaintiff has failed to present any

evidence showing he has a substantial likelihood of success on the merits or that he will suffer irreparable harm absent an immediate injunction.

Accordingly, Plaintiff's amended motion for injunctive relief should be denied as Plaintiff cannot meet the criteria for granting such motion. Additionally, any request for relief by Plaintiff against the Norton Shores Police Department should fail, as the Norton Shores Police Department was dismissed from this action and is no longer a party to this action. "It is elementary that one is not bound by a judgment in *personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969) (citation omitted). For these reasons, as discussed above, Defendants request that this court deny Plaintiff's amended motion for injunctive relief.

Respectfully submitted,

DATED: June 6, 2018

PLUNKETT COONEY

BY: /s/Lisa A. Hall
   Michael S. Bogren (P34835)
   Lisa A. Hall (P70200)
   Attorney for Defendants
   MICHAEL D. KASHER
   and KYLE A. NEHER
BUSINESS ADDRESS:
950 Trade Centre Way, Suite 310
Kalamazoo, MI 49002
**Direct Dial: 269/226-8822**