# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL-AMIN MUHAMMAD #242898,

      Plaintiff,

      v.

KYLE A. NEHER, d/b/a DET KYLE
A. NEHER, MICHAEL KASHER d/b/a
DET. MICHAEL D. KASHER, OFFICER
JOHN DOE alternate transport officer (NSPD),
(MSP) OFFICER JOHN DOE, DARRYL HAIRSTON
d/b/a (MCJ) DEPUTY DARRYL HAIRSTON,
ELAINE (DOE) d/b/a RN NURSE ELAINE (DOE)
last name unknown (MCJ),

      Defendants.

Case No.  1:16-cv-276

HON. JANET T. NEFF

MAGISTRATE RAY KENT

---

| | |
|---|---|
| El-Amin Muhammad #242898 (in pro per)<br>Alger (MSP)<br>Alger Correctional Facility<br>N6141 Industrial Park Drive<br>Munising, Michigan  49862-9277 | Michael S. Bogren (P34835)<br>Lisa A. Hall (P70200)<br>Robert A. Callahan (P47600)<br>Attorneys for Defendants<br>KYLE A. NEHER and MICHAEL KASHER<br>PLUNKETT COONEY<br>950 Trade Centre Way, Suite 310<br>Kalamazoo, Michigan  49002<br>(269-226-8822)<br>mbogren@plunkettcooney.com<br>lhall@plunkettcooney.com<br>rcallahan@plunkettcooney.com |
| Allan C. Vander Laan  (P33893)<br>CUMMINGS MCCLOREY DAVIS & ACHO<br>Attorney for Defendant "Unknown<br>Harrison"<br>851 Charlevoix Dr., SE, Suite 327<br>Grand Rapids, MI 49546<br>616/975-7470<br>avanderlaan@cmda-law.com | |

---

**RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS FOR
DEFENDANTS MICHAEL D. KASHER AND KYLE A. NEHER INDIVIDUALLY AND
PURSUANT TO F.R.C.P. RULE 36**

1

Defendants Kyle A. Neher and Michael D. Kasher (collectively, the "Defendants") by and through their attorneys, Plunkett Cooney, for their responses to Plaintiff's Request for Admissions for Defendants Michael D. Kasher and Kyle A. Neher, indiviudally, and pursuant to F.R.C.P. Rule 36 state as follows:

Defendants object to Plaintiff's Request for Admissions directed to Defendants Michael D. Kasher and Kyle A. Neher, Individually, and Pursuant to F.R.C.P. Rule 36, as they exceed the scope of the Court's Case Management Order, dated May 10, 2018. Specifically, the Case Management Order states that requests for admissions will be limited to five (5) per side.

REQUEST 1.   Admit that you did not secure the Plaintiff in the back seat with a seat belt before transporting Plaintiff (Muhammad) from Ionia County Jail to Muskegon County Jail. For the purpose of transporting Plaintiff Muhammad from (ICJ) to (MCJ).

**RESPONSE:   Denied as the same is untrue. Plaintiff was secured by a seatbelt.**

REQUEST 2.   Admit that you were driving a (NASD) Police cruiser I the express lane exceeding the speed limit during the collision with a crossing while secured in a seat belt. For the purpose of transporting Plaintiff (Muhammad) from (ICJ) to (MCJ).  [Request for admission is for Michael D. Kasher, Defendant] on Interstate 96.

**RESPONSE:   Defendants object to the form of Request to Admit # 2 as it is vague, ambiguous, and unanswerable in its current form. Without waiving said objection, Defendant Kasher admits that he was driving a Norton Shores squad car on August 1, 2014, for the purpose of transporting the Plaintiff from Ionia County Jail to the Muskegon County Jail for arraignment. Defendant Kasher admits he was wearing his seatbelt.  It is further admitted that in route back to Muskegon, a deer unexpectedly**

2

ran across Interstate 96 while the squad car was traveling around 75 mph in the left lane of Interstate 96.

REQUEST 3.   Admit that you were secured by seat belt in the passenger front seat of (NSPD) police cruiser operated by defendant Michael D. Kasher while traveling in the express left lane of Interstate 96 exceeding speed limits during the collision with the crossing deer, for the purpose of transporting Plaintiff (Muhammad) from (ICJ) to (MCJ). [request for Admission is for Defendant Kyle A. Neher]

RESPONSE:  Defendants object to the form of Request to Admit # 3 as it is misleading, vague, ambiguous, and unanswerable in its current form. Without waiving said objection, Defendant Neher admits that he was a passenger in a Norton Shores squad car being operated by Defendant Kasher on August 1, 2014, for the purpose of transporting the Plaintiff from Ionia County Jail to the Muskegon County Jail for arraignment.  Defendant Neher admits he was wearing his seatbelt.   It is further admitted that in route back to Muskegon, a deer unexpectedly ran across Interstate 96 while the squad car was traveling around 75 mph in the left lane of Interstate 96.

REQUEST 4.   Admit that you did not notice the deer crossing Interstate 96 while traveling in the express lane "left lane" and the furthest lane from the right side of Interstate 96 where the crossing deer entered I-96, while traveling at excessive speeds, exceeding the speed limit.

RESPONSE:   Denied as the same is untrue.

REQUEST 5.   Admit that you were using your cell phones for texting messages and or actually making phone calls during the time of departure from (ICJ) to (MCJ) leading up

3

to the collision with the crossing deer, while traveling at excessive speeds in the express lane on I-96 where Plaintiff (Muhammad) was unsecured without a seat belt in the back seat of the (NSPD) police cruiser restrained in wrist, belly and ankle restraints, for the purpose of transporting Plaintiff (Muhammad) from (ICJ) to (MCJ).

**RESPONSE: Defendants object to the form of Request to Admit # 5 as it is misleading, vague, ambiguous, and unanswerable in its current form. Defendant further objects to Request to Admit #5 as it seeks information that is not relevant to Plaintiff's claim. Without waiving said objection, Defendants deny that Plaintiff was unsecured without a seat belt and Defendants further deny Defendant Kasher was using his cell phone for texting messages and or actually making phone calls during the time of departure from (ICJ) to (MCJ) leading up to the collision with the crossing deer.**

REQUEST 6.   Admit that you did not call or request a medic or a qualified medical examiner to the scene of the accident while waiting for the Michigan State Police to arrive and report the collision to examine Plaintiff (Muhammads) injuries sustained resulting from the collision.

**RESPONSE:  Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, Defendants admit that they did not call or request a medic or a qualified medical examiner to the scene of the accident while waiting for the Michigan State Police to arrive because, upon information and belief, Plaintiff did not sustain any injuries from the collision.**

REQUEST 7.   Admit that you did not call Muskegon County Jail (MCJ) and advise the jail that the transporting prisoner was involved in a collision on I-96 unsecured without a

4

seat belt at high speeds and needs to be seen by a qualified medical examiner for his injuries where Plaintiff (Muhammad) was experiencing severe pain in his lower back and wrist.

RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, Defendants admit they did not call Muskegon County Jail (MCJ) and advise the jail that the transporting prisoner was involved in a collision on I-96.  As to the remaining request to admit, Defendants deny for the reason it is untrue.

REQUEST 8.  Admit that you did not check to see if Plaintiff (Muhammad) was injured after collision with the crossing deer at very high speeds, but stood outside of the smoking (NSPD) police cruiser awaiting (MSP) and alternate transporting to arrive.

RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, Defendants deny for the reason it is untrue.

REQUEST 9.  Admit that the (NSPD) police cruiser involved in the collision front right, lights, fender, tire, hood, side around front right wheel and parts of the engine on the front right side were damaged from the collision with the crossing deer, but not limited to the damage stated.

RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, Defendants cannot recall what specifically was damaged and refer Plaintiff to the City of Norton Shores Vehicle Accident/Incident Report produced in Defendants' Response to Plaintiff's Request for Production of Documents.

5

REQUEST 10. Admit that the (NSPD) police cruiser involved in the collision material to this case was no longer usable for normal use and needed (needs) extensive repairs and or replacement.

**RESPONSE:  Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 11. Admit that a transport alternate (NSPD) vehicle was required to complete the transport from (ICJ) to (MCJ) of Plaintiff (Muhammad), based off of the severe and extensive damage to the initial transport (NSPD) police cruiser involved in the collision.

**RESPONSE:  Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 12. Admit that the alternate transport officer knew that the Plaintiff (Muhammad) along with both Defendants Kasher and Neher were involved in a serious I-96 collision during the transport, and that the defendant sustained injuries complained of while being carried by Defendant Kasher and Neher to the alternate transport vehicle provided by (NSPD).

**RESPONSE:  Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 13. Admit that you assisted the other Defendant in helping and by carrying Plaintiff (Muhammad) from the destroyed (NSPD) police cruiser to the alternate

6

transport (NSPD) police cruiser were (sic.) you knew Plaintiff (Muhammad) was suffering from injuries and could not walk on his own without excrusiating (sic.) pain.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 14. Admit that you saw a qualified medical examiner as part of (NSPD) policy directives, procedures and regulations, protocol as a result of the collision with the crossing deer at excessive speeds on I-96 while transporting Plaintiff (Muhammad) from (ICJ) to (MCJ) on August 1st 2014.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 15. Admit that you were medically cleared to return to regular duties for the (NSPD) as a result of your medical examination as described above, and on what date.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 16. Admit that even after you saw a qualified medical examiner for medical clearence (sic.) and was cleared, you didn't call Muskegon County Jail and request that Plaintiff (Muhamad) be evaluated for the injuries known to the Defendants resulting from the collision with the crossing deer on I-96 during transport, where the Plaintiff was unsecured without a seatbelt in (NSPD) police cruiser restrained by wrist, belly, and ankle restraints traveling at excessive speeds in the express lane.

7

RESPONSE:  Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Defendants further object to the form of Request to Admit # 16 as it is confusing and unanswerable in its current form.  Without waiver of the objection, Defendants deny that they saw a qualified medical examiner for medical clearance and were cleared following the collision. Defendants deny that Plaintiff was unsecured by a seatbelt.  Defendants admit that they did not call Muskegon County Jail after the collision to request that Plaintiff be evaluated because, upon information and belief, Plaintiff did not sustain any injuries from the collision.

REQUEST 17. Admit that the Defendant Kasher violated several occupant crash protection, speed limit, express lane use, cell phone use, and other Michigan state statutory laws herein as listed as well as, 49 CFR 571.208, and 4 MLP 2d automobiles and motor vehicles § 201 speed limitations § 257.627.

RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order. Defendants further object to Plaintiff's Request to Admit as vague, ambiguous, and it seeks information that is not relevant to Plaintiff's claim.

REQUEST 18. Admit that as a (NSPD) detective you disregarded policy directives and operating procedure and regulations, and protocol by not calling a medic or qualified medical examiner to the scene of the accident on I-96 August 1st 2014 after a high speed collision exceeding the speed limits with a crossing deer while violating several Michigan state statutory traffic laws, including a prisoner transport where the prisoner transport sustained injury to his  lower back and wrist while restrained in wrist, belly and ankle

restraints while unsecured without a seat belt to be examined and treated for those injuries.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Without waiver of the objection, denied for the reason it is untrue.**

REQUEST 19. Admit that who was call for accident response was never told that Plaintiff (Muhammad) was injured in the collision August 1st 2014 on I-96 or that a prisoner was being transported at all.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Defendants further object to the form of Request to Admit # 19 as it is confusing and unanswerable in its current form.  It does not address "who" Plaintiff is referring to. Without waiver of objections, upon information and belief, Plaintiff did not sustain any injuries from the collision.**

REQUEST 20. Admit that there is a police directive, operating procedure and regulations, protocol to call a medic or qualified medical examiner if a (NSPD) officer, detective, or patrolman is involved in a traffic accident while transporting a prisoner, detainee, parolee, inmate, arrested person or individual and to treat any injuries or possible injuries.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.  Defendants further object to the form of Request to Admit # 20 as it is confusing and unanswerable in its current form. Without waiver of the objection, if a detainee during transport receives a**

9

serious injury either an ambulance is called or the detainee is transported to the hospital.

REQUEST 21. Admit that Defendant Kasher was traveling at speeds over 83-mph exceeding the speed limit/statutory speed limit while misusing express lane August 1st 2014 while transporting Plaintiff (Muhammad) from (ICJ) to (MCJ).

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order. Without waiver of the objection, denied as untrue.**

REQUEST 22. Admit that you know the United States Constitution, and Const. 1963 Art. 1 § 16.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as vague, ambiguous, overly broad, not relevant to Plaintiff's claim. Defendants further object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order.**

REQUEST 23. Admit that not placing Plaintiff (Muhammad) in a seat belt during transport from (ICJ) to (MCJ), exceeding the speed limit for I-96 while traveling on I-96 transporting the Plaintiff, and misusing the left lane "express lane" to do so constitutes conduct so reckles (sic.) as to demonstrate a substantial lack of concern for whether an injury results.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order. Defendants further object to Plaintiff's Request as it seeks information not relevant to Plaintiff's claim and calls for a legal conclusion.**

REQUEST 24. Admit that cell phone use, while exceeding Interstate 96 speed limits, misusing the express lane, while transporting a prisoner, inmate, parolee, etc. without a seat belt amounts to conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order. Defendants further object to Plaintiff's Request to Admit as it seeks information not relevant to Plaintiff's claim and calls for a legal conclusion.**

REQUEST 25. Admit that due process rights are all rights which are of such fundamental importance as to require compliance with due process standards for fairness and justice. Procedural and substantive rights of citizens against government actions that threaten the denial of life, liberty or property.

**RESPONSE: Defendants object to Plaintiff's Request to Admit as it exceeds the limitation provided for in the Case Management Order. Defendants further object to Plaintiff's Request to Admit as vague, ambiguous, overly broad, not relevant to Plaintiff's claim.**

11

Respectfully submitted,

PLUNKETT COONEY

DATED: _6/7/18_

BY: _Lisa Hall (by SAF-P70702)_
    Michael S. Bogren (P34835)
    Lisa A. Hall  (P70200)
    Attorneys for Defendants
    NEHER and KASHER

BUSINESS ADDRESS:
950 Trade Centre Way, Suite 310
Kalamazoo, MI  49002
**Direct Dial:  269/226-8822**

Open.00560.61916.20249775-1