UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL-AMIN MUHAMMAD #242898,

    Plaintiff,

v.

KYLE A. NEHER, d/b/a DET KYLE
A. NEHER, MICHAEL KASHER d/b/a
DET. MICHAEL D. KASHER, OFFICER
JOHN DOE alternate transport officer (NSPD),
(MSP) OFFICER JOHN DOE, DARRYL HAIRSTON
d/b/a (MCJ) DEPUTY DARRYL HAIRSTON,
ELAINE (DOE) d/b/a RN NURSE ELAINE (DOE)
last name unknown (MCJ),

    Defendants.

Case No. 1:16-cv-276

HON. JANET T. NEFF

MAGISTRATE RAY KENT

---

El-Amin Muhammad #242898 (in pro per)
St. Louis Correctional Facility
8585 N. Crowell Road
St. Louis, Michigan 48880

Allan C. Vander Laan (P33893)
CUMMINGS MCCLOREY DAVIS & ACHO
Attorney for Defendant "Unknown Harrison"
851 Charlevoix Dr., SE, Suite 327
Grand Rapids, MI 49546
616/975-7470
avanderlaan@cmda-law.com

Michael S. Bogren (P34835)
Lisa A. Hall (P70200)
Robert A. Callahan (P47600)
Attorneys for Defendants
KYLE A. NEHER and MICHAEL KASHER
PLUNKETT COONEY
950 Trade Centre Way, Suite 310
Kalamazoo, Michigan  49002
(269-226-8822)
mbogren@plunkettcooney.com
lhall@plunkettcooney.com
rcallahan@plunkettcooney.com

---

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    The case pending before this court is the type for which the decision in *Scott v. Harris*, 550 U.S. 372 (2007) is clearly applicable.  Plaintiff attemps to allege "facts", and draw inferences from those "facts," to generate an issue which would require trial.  Those

"facts" are the speed and manner in which Kasher operated the squad car prior to the single car accident with the deer on August 1, 2014; comments Plaintiff supposedly made to Kasher and Neher regarding his "injuries" following the accident; and complaints of injury which he made while being transported to the Muskegon County Jail. Unfortunately for Plaintiff, however, the in-car video recordings attached as Exhibits 2 and 4 to Co-Defendant Harrison's Motion for Summary Judgment, and as Exhibits D and E to Norton Shores Defendants' Brief in Support of Motion for Summary Judgment, clearly contradict his version of the story.

In *Scott*, the Supreme Court reminded courts that although facts must be viewed in the light most favorable to the non-moving party, if there is video tape evidence which "clearly contradicts" the non-moving party's version, summary judgment is appropriate. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. The Sixth Circuit Court of Appeals has noted that "courts routinely look to *Scott* for guidance in determining whether the non-moving party's version of the events is so blatantly contradicted by objective evidence of the record that it fails to create a genuine issue of material fact for trial, even in the absence of a video tape." *Coble v. City of White House, Tenn.*, 634 F. 3rd 865, 869 (6th Cir. 2011).

In the case pending before this Court Plaintiff has asserted, in very conclusory fashion, that Kasher was driving in a negligent (or grossly negligent) manner. Plaintiff has attempted to make this assertion on the supposition he possibly could accurately see the speedometer on the squad car while seated in the rear passenger side of the squad car. It

2

certainly strains credibility that Plaintiff, or any person for that matter, could accurately perceive the speedometer of any car while seated in the rear passenger seat of that car. It strains creditability even further when one considers that police squad cars have safety protection such as bars, and unbreakable plastic sheets placed between the front and passenger compartments in the squad cars. However, simple reliance on logic is not required in this case. This Court has before it the in-car camera video of the interior of the squad car both prior to and after the accident. The speed as shown in the camera, and the manner in which the vehicle was being operated, conclusively demonstrates that Kasher was not operating the squad car in a grossly negligent manner. His rate of speed barely exceeded 70 mph in a 70 mph speed zone. There is no question that Kasher was not operating his squad car in a manner "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL §619.1407 (8)(a).

In addition, Plaintiff alleges that Kasher and Neher were deliberately indifferent to Plaintiff's serious need for medical attention. In his Brief in Opposition, Plaintiff has done nothing other than provide a self-diagnosis to generate an issue of fact on whether he then was presenting with an objectively serious medical condition to which Defendants could be deliberately indifferent. This is insufficient. Moreover, any claim which Plaintiff asserts in the brief that he requested medical treatment and was refused, or that he was making any kind of noises which would indicate he was even in any pain, is shot down by a simple review of the video from the in-car camera.

Plaintiff was asked whether he was fine, to which he responded he was. There is no complaining of pain, or sounds of pain emanating from Plaintiff throughout that in-car camera recording. Furthermore, the in-car camera recording from the squad car that

ultimately transported Plaintiff to the Muskegon County jail is bereft of any complaints of pain by Plaintiff, or any sounds from Plaintiff suggesting he was in any pain, whatsoever. The facts as established by the in-car camera's video clearly contradicts any contentions that Plaintiff complained of serious injury and was ignored, or that Plaintiff was in any type of pain whatsoever, and was ignored.

Finally, an observation regarding the qualified immunity principles is appropriate at this point. Defendants concede, as they must, that in 2014 it was clearly established that if a detained individual, such as Plaintiff, was manifesting a serious medical need, they had the obligation to see to it that individual received medical care. In so conceding, Defendants assert that the law also was clearly established that if a detained individual such as Plaintiff had a minor malady or non-obvious injury, they had no obligation to ensure medical treatment is provided unless the failure to do so would result in a detrimental effect on that detained individual. This Court, in *Brim v. Clark*, 2011 W.L. 3477067 (W.D. Mich. 2011), Exhibit F, reached the common sense conclusion that a complaint of a back ache is not a medical condition to which a defendant can be deliberately indifferent. The refusal of qualified immunity to Defendants Kasher and Neher would be the type of ruling by a federal court which could result in much mischief by incarcerated individuals. If Plaintiff's position in this case is adopted, then any time someone who is detained by a law enforcement agency complains of a back pain, those detaining that individual will be constitutionally obligated to take that detained individual to receive medical treatment. This requirement flies in the face of the carefully articulated standards set forth by the Supreme Court by *Estelle v. Gamble*, 429 U.S. 97 (1976); and *Bell v. Wolfish*, 441 U.S. 520 (1979), and their progeny.

It is respectfully submitted that this Court must hold, as a matter of law, Defendants Neher and Kasher were not deliberately indifferent to any medical need of Plaintiff; that Neher and Kasher are entitled to qualified immunity from any federal claim that Plaintiff has asserted in this lawsuit; and that Kasher is entitled to immunity conferred by Michigan's governmental immunity act on Plaintiff's negligence/gross negligence cause of action.

Dated:  December 31, 2018            Respectfully submitted,

                                           PLUNKETT COONEY

                                           By:   /s/ Robert A. Callahan
                                                Robert A. Callahan (P47600)
                                                Attorney for Defendants
                                                950 Trade Centre Way, Suite 310
                                                Kalamazoo, MI  49002
                                                **Direct Dial:  269/226-8856**

Open.00560.61916.21428626-1