UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL AMIN MUHAMMAD,

    Plaintiff,

v.

KYLE A. NEHER, et al.,

    Defendants.

_____/

Case No. 1:16-cv-276

HON. JANET T. NEFF

**OPINION AND ORDER**

In March 2016, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 concerning incidents that occurred when he was a pretrial detainee. The parties filed cross-motions for summary judgment, and the matter was referred to the Magistrate Judge. On August 9, 2019, the Magistrate Judge issued a Report and Recommendation (R&R), recommending this Court grant Defendants' motions for summary judgment, deny Plaintiff's motion for summary judgment, and close this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed responses. Plaintiff filed a reply to Defendants Neher and Kasher's response to his objections, which this Court has considered, although there is no provision in the rules for the filing of such a reply. The matter is also before the Court on Plaintiff's September 16, 2019 Motion to Stay Proceedings (ECF No. 212), which Defendants oppose (ECF Nos. 215 & 219). For the reasons stated herein, the Court denies Plaintiff's objections, denies Plaintiff's motion to stay, and issues this Opinion and Order.

## I. Plaintiff's Objections to the Report and Recommendation

This Court's Local Rules require any party objecting to a Report and Recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been properly made.

***John Doe Defendants.*** Plaintiff named "Officer JOHN DOE alternate transport (NSPD)," "(MSP) Officer JOHN DOE," and "ELAINE (DOE)" in his Second Amended Complaint (ECF No. 128). The Magistrate Judge recommends that this Court dismiss Plaintiff's claims against these three "Doe" defendants, whom Plaintiff did not serve (R&R, ECF No. 206 at PageID.1463-1464). In his objections, Plaintiff indicates that he will "omit reference" to these Defendants as "they were not served and are not technically parties as it stands" (Pl. Objs., ECF No. 207 at PageID.1490). Accordingly, this Court will dismiss Plaintiff's claims against these parties.

***Defendants Neher and Kasher.*** The Magistrate Judge thoroughly reviewed the evidence related to Plaintiff's deliberate indifference claim against Defendants Neher and Kasher, who transported Plaintiff, and concluded that Plaintiff had not established either the objective or subjective prongs of a deliberate indifference claim against them (R&R, ECF No. 206 at PageID.1467-1475). The Magistrate Judge also determined that Defendants Neher and Kasher are entitled to qualified immunity (*id.* at PageID.1476-1477). With regard to Plaintiff's state-law gross negligence claim against Defendant Kasher, the Magistrate Judge indicated that the Court "could

dismiss [P]laintiff's state law claim pursuant to [28 U.S.C.] 1367" or "the Court may want to address the merits of this claim" and grant Kasher summary judgment (*id.* at PageID.1483-1484).

In the only portion of Plaintiff's lengthy objections that specifically addresses the Magistrate Judge's analysis, Plaintiff argues that the Magistrate Judge erred by "mischaracterizing the proofs," specifically, the DVD and his deposition testimony (Pl. Objs., ECF No. 207 at PageID.1498-1500). However, the Magistrate Judge expressly acknowledged that Plaintiff's testimony differs from the DVD (R&R, ECF No. 206 at PageID.1468-1470). The Magistrate Judge noted that even if the Court were to accept Plaintiff's version of events, Plaintiff had not established his claim against Defendants Neher and Kasher (*id.* at PageID.1473 n.5). As Defendants Neher and Kasher more fully set forth in their response to Plaintiff's objections (ECF No. 210), Plaintiff's objections fail to demonstrate any factual or legal error by the Magistrate Judge in analyzing their motion. Therefore, Plaintiff's objections are denied.

***Defendant Hairston.*** With regard to Defendant Hairston, the booking officer, the Magistrate Judge reviewed Defendant Hairston's motion as "simply one seeking summary judgment pursuant to FED. R. CIV. P. 56(a)" and ultimately determined that Plaintiff also failed to establish either the objective or subjective prong of his deliberate indifference claim against Hairston (R&R, ECF No. 206 at PageID.1482-1483).

Plaintiff's objections do not address—let alone demonstrate error in—the Magistrate Judge's analysis of Defendant Hairston's motion. As noted, Plaintiff's mere disagreement with the Magistrate Judge's conclusion does not warrant rejection of the Report and Recommendation. Plaintiff's "objection" is therefore denied. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

## II. Plaintiff's Motion to Stay Proceedings

In his September 16, 2019 motion (ECF No. 212), Plaintiff seeks a "stay of proceedings for summary judgment" to obtain certain medical records that Plaintiff asserts are "necessary for this Court to understand why Plaintiff is on pain management/chronic care treatment medications as a result of Plaintiff's injury" (*id.* at PageID.1527-1528). As Defendants point out in response (ECF Nos. 215 & 219), the parties were given ample opportunity to engage in discovery and briefing. The Court discerns no justifiable basis for a stay in this case. Therefore, Plaintiff's motion is denied.

As this Opinion and Order resolves the last pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 207) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 206) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Hairston's Motion for Summary Judgment (ECF No. 169) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants Kasher and Neher's Motion for Summary Judgment (ECF No. 171) is GRANTED IN PART and DENIED IN PART as moot; specifically, Plaintiff's federal claims against Defendants Kasher and Neher are dismissed, and the Court DECLINES, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiff's state-law claim against Defendant Neher.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 175) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay (ECF No. 212) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 30, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge